IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

SHELLEY LEE P.,[1]

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Civ. No. 6:18-cv-01219-CL

**OPINION AND ORDER**

MARK D. CLARKE, Magistrate Judge.

Plaintiff Shelley P. ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying her claims for a period of disability and disability insurance benefits under Title II of the Social Security Act. For the reasons provided below, the Commissioner's decision is REVERSED and REMANDED for further proceedings.[2]

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party or parties in this case.
[2] The parties have consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c)(1).

Page 1 of 14 – OPINION AND ORDER

## BACKGROUND

Plaintiff was born April 20, 1963, and was 53 years old at the time her coverage period for disability insurance expired on December 31, 2016. Tr. 18, 27, 144. She has past relevant work experience as a police officer. Tr. 27. In 2010, while working as a police officer, Plaintiff was in a bike crash that injured her knees. Tr. 536. Plaintiff underwent knee surgery in 2011 and again in 2016. Tr. 338-40, 401-04, 410-13. Plaintiff's primary allegations of disability stem from impairment of her knees and pain from fibromyalgia. Tr. 157.

Plaintiff filed an application for disability insurance benefits on April 14, 2014, alleging disability beginning April 5, 2011. Tr. 18. Plaintiff's claim for disability was denied initially and upon reconsideration. Tr. 18. A hearing was held on March 3, 2017, before Administrative Law Judge ("ALJ") Katherine Weatherly. Tr. 40-60. On April 24, 2017, the ALJ issued a decision finding Plaintiff not disabled at any point through her date last insured. Tr. 18-29. On May 7, 2018, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. Tr. 1. Plaintiff now appeals that final decision.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r. Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity"? 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds to the "residual functional capacity" ("RFC") assessment.

    a. The ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's RFC. This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c); 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not

        disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c); 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954-55 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 954. The Commissioner bears the burden of proof at step five. *Id.* at 953-54. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999) (internal citations omitted); *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 954-55; *Tackett*, 180 F.3d at 1099.

## THE ALJ'S FINDINGS

Applying the five-step analysis, the ALJ made the following findings:

1. Plaintiff last met the insured status requirements of the Social Security Act on December 31, 2016. Plaintiff did not engage in substantial gainful activity during the period from her alleged onset date of April 5, 2011 through her date last insured on December 31, 2016. Tr. 20.

2. Through the date last insured, Plaintiff has the following severe impairments: fibromyalgia, possible carpal tunnel syndrome (CTS), bilateral patellofemoral chondromalacia status post April 2011 right arthroscopic surgery and December 2016 right knee partial meniscectomy, and adjustment disorder with depressed mood. Tr. 20.

3. Through the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 21.

4. Through the date last insured, Plaintiff had the RFC to perform a range of light work as defined in 20 C.F.R. 404.1567(b). Specifically, Plaintiff can lift and/or carry 20 pounds occasionally and 10 pounds frequently; she can stand and/or walk for six hours out of an eight-hour workday with regular breaks; she can sit for six hours out of an eight-hour workday with regular breaks. Plaintiff is unlimited with respect to pushing and/or pulling, other than as indicated for lifting and/or carrying. Plaintiff is limited to no more than occasional climbing of ramps and stairs, but is precluded from climbing ladders, ropes, or scaffolds. Plaintiff is limited to no more than frequent balancing, occasional stooping and crouching, but she can never kneel or crawl. Plaintiff is limited to performing frequent bilateral upper extremity handling. Plaintiff can understand, remember, and carry out simple, routine and repetitive tasks. Tr. 23

5. Through the date last insured, Plaintiff was unable to perform any past relevant work. Tr. 27.

6. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that Plaintiff is "not disabled," whether or not Plaintiff has transferable job skills. Tr. 27.

7. Through the date last insured, considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed. Tr. 28.

Consequently, the ALJ concluded Plaintiff was not disabled as defined by the Social Security Act at any time from April 5, 2011, the alleged onset date, through December 31, 2016, the date last insured. Tr. 29.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on the proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "'Substantial evidence' means 'more than a mere scintilla but less than a preponderance,' or more clearly stated, 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53

F.3d 1035, 1039 (9th Cir. 1995)). In reviewing the Commissioner's alleged errors, this Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

Where the evidence before the ALJ is subject to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Batson*, 359 F.3d at 1198 (citing *Andrews*, 53 F.3d at 1041). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock*, 879 F.2d at 501). Additionally, a reviewing court "cannot affirm the [Commissioner's] decision on a ground that the [Administration] did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citations omitted). Finally, a court may not reverse an ALJ's decision on account of an error that is harmless. *Id.* at 1055-56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

Even where findings are supported by substantial evidence, "the decision should be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Flake v. Gardner*, 399 F.2d 532, 540 (9th Cir. 1968). Under sentence four of 42 U.S.C. § 405(g), the reviewing court has the power to enter, upon the pleadings and transcript record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a rehearing.

## DISCUSSION

Plaintiff presents the following issues for review: (1) whether the ALJ improperly rejected the opinion of treating doctor, Dr. Gingold; (2) whether the ALJ improperly rejected Plaintiff's subjective symptom complaints; (3) whether the RFC assessment properly accounted for all of Plaintiff's limitations.

### I. The ALJ failed to provide specific and legitimate reasons for discounting treating physician, Dr. Gingold's, medical opinion.

The ALJ must consider all medical opinion evidence. 20 C.F.R. § 404.1527(b). The opinion of a treating physician is given "controlling weight" if it is "well-supported by medically acceptable clinical laboratory techniques and is not inconsistent with the other substantial evidence in the record." 20 C.F.R. § 404.1527(c)(2). Generally, the opinion of a treating physician is entitled to more weight than that of a physician who did not treat the patient. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If a treating physician's opinion is uncontradicted, the ALJ must state clear and convincing reasons, supported by substantial evidence, for rejecting it. *Lester*, 81 F.3d at 830-31. If the treating physician's opinion is in dispute, the ALJ must provide "specific and legitimate reasons that are supported by substantial evidence" for rejecting it. *Id.* For example, objective clinical tests can constitute "substantial evidence" to support the opinion of a nontreating physician over that of a treating physician. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

Here, Dr. Gingold was Plaintiff's treating physician for several years, so the ALJ was required to provide at least specific and legitimate reasons for discounting his medical opinion. Dr. Gingold provided numerous opinions regarding Plaintiff's limitations throughout the provided medical records and also completed a questionnaire provided by Plaintiff's representative. *See* Tr. 326-57; 442-44. The ALJ provided a narrative summary of Dr.

Gingold's opinions and then stated, "Some weight is given to these opinions, which are not inconsistent with the decisions made herein. However, just because the claimant cannot work as a police officer does not render her disabled pursuant to Social Security regulations." Tr. 26. This explanation lacks any specific or legitimate reasons for discounting Dr. Gingold's medical opinions. Stating that Dr. Gingold's opinions were "not inconsistent with decisions made herein" is insufficient when a review of Dr. Gingold's opinions quickly reveals that several of Dr. Gingold's opined limitations are in fact inconsistent with the RFC determination. The ALJ was required to do more than just set out a detailed summary of the medical evidence and then state her conclusions. *See Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988) ("The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctor's, are correct.").

Defendant's argument for why the ALJ's explanation is reasonable is unpersuasive. Defendant argues that the ALJ found Dr. Gingold's assessed severe limitations "not consistent with the record as a whole," and then points to details in other medical opinions that are inconsistent with Dr. Gingold's opinion. However, the ALJ never stated that Dr. Gingold's opinion was inconsistent with the record as a whole, nor did she note the inconsistencies that Defendant described. Defendant's reliance on these inconsistencies is a post-hoc rationalization, not a ground invoked by the ALJ. The Court may only review the reasons provided by the ALJ in the disability decision, and therefore, may not affirm the ALJ on a ground upon which the ALJ did not rely. *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014) (citations omitted).

## II. The ALJ erred in rejecting Plaintiff's subjective symptom complaints without adequate discussion.

When deciding whether to accept the subjective symptom testimony of a claimant, the ALJ must perform a two-stage analysis. In the first stage, the claimant must produce objective

medical evidence of one or more impairments which could reasonably be expected to produce some degree of symptom. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). The claimant is not required to show that the impairment could reasonably be expected to cause the severity of the symptom, but only to show that it could reasonably have caused some degree of the symptom. *Id.*

In the second stage of the analysis, the ALJ must consider the intensity, persistence, and limiting effects of the alleged symptoms based on the entire record. SSR 16-3p at *7-8. The ALJ will consider the "[l]ocation, duration, frequency, and intensity of pain or other symptoms" reported by the claimant, any medical sources, and any non-medical sources. *Id.* The ALJ's decision must contain "specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." *Id.* Additionally, the evidence upon which the ALJ relies must be substantial. *See Reddick*, 157 F.3d at 724; *Holohan v. Massinari*, 246 F.3d 1195, 1208 (9th Cir. 2001); *Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991). The ALJ must also "state specifically which symptom testimony" is being rejected and what facts lead to that conclusion. *Smolen v. Charter*, 80 F.3d 1273, 1284 (9th Cir. 2009) (citing *Dodrill*, 12 F.3d at 918). In rejecting claimant's testimony about the severity of her symptoms, the ALJ must give "specific, clear and convincing reasons for doing so." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1029, 1036 (9th Cir. 2007)).

An ALJ may use activities of daily living to discredit a claimant's testimony where the activities (1) meet the threshold for transferable work skills or (2) contradict the claimant's testimony. *Orn*, 495 F.3d at 639. A claimant, however, need not be utterly incapacitated to

receive disability benefits, and sporadic completion of minimal activities is insufficient to support a negative credibility finding. *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *see also Reddick*, 157 F.3d at 722 (requiring the level of activity to be inconsistent with the claimant's alleged limitations to be relevant to his or her credibility).

In this case, the ALJ included only standard template language to discount Plaintiff's subjective complaints:

> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause *some of* the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of those symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

Tr. 24 (emphasis in original). The ALJ then proceeded to summarize the medical evidence in the record and weigh medical opinions without revisiting the topic of Plaintiff's subjective symptom testimony.

The closest the ALJ gets to explaining why she discounted Plaintiff's symptom testimony is a sentence that reads, "Despite her impairments, the claimant reported she prepared meals for herself and her child, did light exercise, met with others for bible study, wash dishes, do laundry, ironing, help her son with his homework, watch television and read." Tr. 24. Defendant argues that by referencing Plaintiff's statements about her ability to perform various activities, the ALJ provided sufficient analysis for the Court to conclude that these were the reasons why the ALJ discounted Plaintiff's subjective testimony. However, Defendant's argument requires this Court to make assumptions about the ALJ's decision when Social Security Ruling 16-3p requires the ALJ's reasoning to be specific and "clearly articulated so the individual and any subsequent reviewer can asses how the [ALJ] evaluated the individual's symptoms." Moreover, even if the ALJ had clearly invoked these activities as grounds for discounting Plaintiff's subjective

symptom testimony, the ALJ failed to explain how these activities contradict Plaintiff's testimony or which symptom complaints were being rejected due to Plaintiff's ability to perform these daily activities. Nor did the ALJ explain why a person able to perform these activities could not also be as limited as Plaintiff testified that she was. *See Vertigan*, 260 F.3d at 1050 ("This Court has repeatedly asserted that the mere fact that a Plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability.") (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).

The Court cannot find the ALJ's reasoning "specific, clear and convincing" when the ALJ failed to provide any reasoning for the Court to consider. On this record, the ALJ erred in rejecting Plaintiff's subjective complaints without adequate discussion.

### III. The RFC determination is inconsistent with the ALJ's step three findings.

The RFC reflects the most an individual can do. 20 C.F.R. §§ 404.1545, 416.945. In formulating an RFC, the ALJ must consider all medically determinable impairments, including those that are not "severe," and evaluate "all of the relevant medical and other evidence," including the claimant's testimony. *Id.*; SSR 96-8p, *available at* 1996 WL 374184. An ALJ may rely on the testimony of a vocational expert ("VE") to determine whether a claimant retains the ability to perform past relevant work at step four, or other work in the national or regional economy at step five. *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2001). The ALJ is required to include only those limitations that are supported by substantial evidence in the hypothetical posed to a VE. *See id.* at 1163-65. "Conversely, an ALJ is not free to disregard properly supported limitations." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886(9th Cir. 2006). In other words, limitations supported by substantial evidence must be incorporated into the RFC

and, by extension, the dispositive hypothetical question posed to the VE. *Osenbrock*, 240 F.3d at 1163–65.

Plaintiff challenges the RFC determination in this case because it contains no social limitations despite the ALJ finding that Plaintiff had moderate difficulties in interacting with others at step three of the disability analysis. Defendant argues that any error here was harmless because the finding of moderate social limitations was a "scrivener's error" due to the fact that no medical source opined that Plaintiff had any social limitations. Def.'s Br. at 12 (#16). In other words, Defendant is saying that the ALJ actually erred at step three in finding a moderate social limitation because there is nothing in the record to support such a finding, so it was actually correct not include a social limitation in the RFC or in the hypothetical posed to the VE. A "scrivener's error" is a clerical error such as a misplaced quotation mark or when there is a discrepancy between the Court's oral pronouncement and the written record. *See Gonzalez v. Sherman*, 873 F.3d 763, 772 (9th Cir. 2017); *Amalgamated Transit, Local 1309 v. Laidlaw Transit*, 448 F.3d 1092, 1097 (9th Cir. 2006).

Upon review of the ALJ's findings, the Court cannot conclude that the ALJ's finding of a moderate social limitation was a "scrivener's error." In making the moderate social limitation finding, the ALJ stated,

> There is some evidence to establish that the claimant's ability to relate to and work with supervisors, coworkers, or the public independently, appropriately, effectively, and on a sustained basis was somewhat limited. Based on this evidence and other evidence detailed below, the claimant's ability to interact with other individuals supports the finding of moderate limitation.

Tr. 22. The ALJ's statement is free of grammatical errors and can be fully understood as a finding of moderate social limitation. However, it remains unclear what evidence the ALJ was referring to as support for this finding. Defendant argues there is no medical evidence to support

such a finding and Plaintiff did not point to any specific evidence in either her opening or reply briefs to counter Defendant's assertion.

Upon remand, the ALJ is ordered to determine what evidence, if any, supports a finding of moderate social limitation. If such a finding is supported by the record, then the ALJ must include an appropriate social limitation in the RFC determination and in the hypothetical posed to the vocational expert.

## REMAND

Within a court's discretion under 42 U.S.C. § 405(g) is the "decision whether to remand for further proceedings or for an award of benefits." *Holohan*, 246 F.3d at 1210 (citation omitted). Although a court should generally remand to the agency for additional investigation or explanation, a court has discretion to remand for immediate payment of benefits. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1100 (9th Cir. 2014). The issue turns on the utility of further proceedings. A court may not award benefits punitively and must conduct a "credit-as-true" analysis on evidence that has been improperly rejected by the ALJ to determine if a claimant is disabled under the Social Security Act. *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011).

In the Ninth Circuit, the "credit-as-true" doctrine is "settled" and binding. *Garrison*, 759 F.3d at 999. The court first determines whether the ALJ made a legal error and then reviews the record as a whole to determine whether the record is fully developed, the record is free from conflicts and ambiguities, and there is any useful purpose in further proceedings. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Only if the record has been fully developed and there are no outstanding issues left to be resolved does the district court consider whether the ALJ would be required to find the claimant disabled on remand if the improperly discredited evidence

were credited as true. *Id.* If so, the district court can exercise its discretion to remand for an award of benefits. *Id.* The district court retains flexibility, however, and is not required to credit statements as true because the ALJ made a legal error. *Id.* at 408.

Due to inconsistencies between the medical opinions, the court declines to credit Dr. Gingold's opinion as true. Additionally, further proceedings are necessary to determine whether the ALJ's finding of a moderate social limitation is supported by the record. Therefore, remanding this case for further administrative procedures is the appropriate remedy.

## ORDER

Based on the foregoing, and pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner is REVERSED and the matter is REMANDED for further administrative proceedings. Upon remand, the agency is ordered to (1) reconsider the opinions of Dr. Gingold and either include his opined limitations for Plaintiff in Plaintiff's RFC or provide specific and legitimate reasons for discounting his opined limitations; (2) reconsider the subjective symptom statements provided by Plaintiff and either credit Plaintiff's statements or provide specific, clear and convincing reasons for discounting them; and (3) determine what evidence, if any, supports a finding of moderate social limitation. If such a finding is supported by the record, then the ALJ must include an appropriate social limitation in the RFC determination and in the hypothetical posed to the vocational expert.

IT IS SO ORDERED.

DATED this 11 day of December, 2019.

_____
MARK D. CLARKE
United States Magistrate Judge