IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

SHELLEY L. P.,[1]

           Plaintiff,

v.

COMMISSIONER, Social Security Administration,

           Defendant.

Case No. 6:18-cv-01219-CL

**OPINION AND ORDER**

---

**CLARKE,** United States Magistrate Judge:

    This case comes before the Court on Plaintiff's Motion for Attorney Fees. Pl.'s Mot., ECF No. 24. The Commissioner opposes the motion. *See* Def.'s Resp., ECF No. 25. For the reasons below, Plaintiff's motion is GRANTED.

### LEGAL STANDARD

    Upon entering judgment in favor of a Social Security claimant who was represented by an attorney, a court "may determine and allow as part of its judgment a reasonable fee for such

---

[1] In the interest of privacy, the Court uses only the first name and the initial of the last name of the non-governmental party or parties in this case.

1 – Opinion and Order

representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A). Section 406(b) expressly requires any attorney fee awarded under that section to be payable "out of, and not in addition to, the amount of such past due benefits." *Id.*

In *Gisbrecht v. Barnhart*, the Supreme Court clarified that § 406 "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." 535 U.S. 789, 807 (2002). Courts must approve § 406(b) fee determinations by determining whether a fee agreement has been executed and then testing it for reasonableness. *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc) (citing *Gisbrecht*, 535 U.S. at 808). "Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Gisbrecht*, 535 U.S. at 807. Even within the 25 percent boundary, however, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.*

## DISCUSSION

Plaintiff sought review of the Commissioner's decision denying benefits. *See* Compl., ECF No. 1. On December 12, 2019, this case was remanded for further proceedings. *See* Op. & Order, ECF No. 18. On March 10, 2020, Plaintiff's application for fees pursuant to the Equal Access to Justice Act ("EAJA") was granted and Plaintiff's counsel was awarded EAJA fees in the amount of $1,985.45. *See* Order, ECF No. 22. On remand, Plaintiff was awarded past-due benefits totaling $164,376.00. *See* Pl.'s Mot. 2, ECF No. 24. Plaintiff's counsel now seeks an award of $19,400.00 in 406(b) fees. *Id.* The Commissioner opposes the motion and argues the requested fee is not reasonable. Def.'s Mot. 2, ECF No. 25.

I. **Fee Agreement**

Under *Gisbrecht*, the Court's first duty when considering whether to approve a contingency fee agreement is to determine whether it is within the statutory 25% cap. *Gisbrecht*, 535 U.S. at 807–08. The fee agreement between Plaintiff and Plaintiff's counsel contemplated a contingency fee award of up to 25%. Pl.'s Mot., Ex. 1, ECF No. 24-1. The total amount of fees sought is less than 25% of the past-due benefits awarded. The Court concludes that both the fee agreement and the amount sought comply with the maximum allowed by statute.

II. **Reasonableness**

Next, the Court must determine whether application of the fee agreement yields reasonable results under the circumstances. *Gisbrecht*, 535 U.S. at 807–08. In making this determination, the Court must recognize the "primacy of lawful attorney-client fee agreements." *Id.* at 793. However, although a contingency agreement should be given significant weight in fixing a fee, the Court can depart from it if it produces unreasonable results. *Id.* at 808. The burden rests with Plaintiff's counsel to establish the requested fee's reasonableness. *Id.* at 807.

The Ninth Circuit has established four factors to guide the Court's inquiry into the reasonableness of a requested fee: (1) the character of the representation; (2) the results achieved; (3) any delay attributable to the attorney in seeking the fee; and (4) whether the benefits obtained were "not in proportion to the time spent on the case" and raise the possibility that the attorney would receive an unwarranted windfall. *Crawford*, 586 F.3d at 1151–53.

In this case, all four factors weigh in favor of granting Plaintiff's motion. Counsel competently represented Plaintiff and achieved a favorable result—remand and award of benefits—in a reasonably expeditious manner. The Court has reviewed the hours expended by

Plaintiff's counsel and concludes that the fee award is not disproportionate. However, while Plaintiff's counsel represents that counsel will refund to Plaintiff the previously awarded EAJA fees of $1,985.45, the Court finds it is more appropriate to deduct the previous EAJA award from the requested fee amount here. Plaintiff's counsel will therefore not have to refund the previously awarded EAJA fees to Plaintiff.

## ORDER

For the reasons set forth above, the Court GRANTS Plaintiff's motion (ECF No. 24) and awards Plaintiff's counsel $19,400.00 in attorney fees under 42 U.S.C. § 406(b). When issuing the § 406(b) check for payment to Plaintiff's attorney, the Commissioner is directed to subtract the amount previously received under EAJA ($1,985.45) and send Plaintiff's attorney the balance of $17,414.55 ($19,400.00 − $1,985.45) less any applicable processing fees as allowed by statute. Any amount withheld after all administrative and court attorney fees should be released to Plaintiff.

IT IS SO ORDERED and DATED this 19 day of January, 2023.

_____
MARK D. CLARKE
United States Magistrate Judge